UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRENCE TAYLOR,

    Plaintiff,

v.

Case No. 2:11-cv-512
HON. R. ALLAN EDGAR

JEFF LARSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this lawsuit asserting that he was placed in a prison cell that had feces and urine throughout, in violation of his Eighth Amendment rights. Plaintiff named former Baraga Maximum Correctional Facility (AMF) Warden Michael Curley and former AMF Deputy Warden Jeff Larson as defendants. Plaintiff was transferred to Chippewa Correctional Facility on June 19, 2013. Plaintiff complains that his legal work was confiscated upon his arrival at the new facility by officer Smith. Plaintiff requests a preliminary injunction and temporary restraining order against defendants for refusing to abide by the policy directives. Plaintiff requests a return of his documents and everything confiscated, no interference with his litigation activities, no harassment or retaliation, an immediate stop to cell searches unless video recorded, additional law library time, and access to legal books.

I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the

merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983

action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the named defendants have violated his federal rights. Moreover, plaintiff has requested relief from alleged harm taken by an officer at the Chippewa Correctional Facility who is not a defendant in this case. Plaintiff has not asserted that defendants did anything improper that would require extraordinary relief. Moreover, plaintiff has asserted claims unrelated to this lawsuit involving an alleged denial of access to the courts. Plaintiff seeks relief from this court in the form of orders that could ensure access to the courts in excess of what is likely constitutionally required. The prison is already under a constitutional obligation to provide access to the courts for all prisoners. No further order is required from this court. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a preliminary injunction and temporary restraining order (Docket #49) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:   October 16, 2013